## BILL SHIVER v. STATE.

No. A-7848. Opinion Filed May 16, 1931.
Rehearing Denied May 23, 1931.
(299 Pac. 235.)

E. B. McMahan, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Cimarron county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for 30 days.

The evidence of the state was that at about 10 o'clock at night the officers saw the lights of a car going on and off in a peculiar manner, and suspicioning whisky runners, went to the place where the car had stopped, and found seven pints of whisky concealed by some posts and tin cans; that the officers hid near the place, and that at about 12 o'clock the defendant came to where the liquor was concealed and gathered up two pints and started to return to the car, where two other men were waiting; that the officers commanded the defendant to halt, but he fled; that the officer pursuing him fired his revolver into the ground by the side of defendant, whereupon defendant fell, and, as the officer came up, defendant was pushing the two pints of whisky away from him; that, after defendant was arrested, he started to run again, but was overpowered by the officers and taken to jail.

Defendant, testifying for himself, admitted going to the place where the liquor was concealed, but sought to explain his going there by saying that he had been told by a man who worked in the pool hall that some whisky was

concealed there, and that he went there to get a drink; that the man who told him was gone from the country at the time of the trial.

Defendant contends, first, that the evidence is insufficient to support the verdict of the jury, for the reason that the proof only shows one quart of whisky in defendant's possession, and the state offered no proof of intent. There were seven pints of whisky at the place where defendant got the two pints. That, together with the circumstance of defendant seeking to escape, was sufficient evidence to establish the intent.

Defendant next contends that the court erred in giving additional instructions to the jury. It appears from the record that the jury returned into the courtroom, asking for additional instructions upon the question of intent, and that the court in substance told the jury that to constitute the crime there must have been an unlawful intent to barter, sell, or give away, but that it was not necessary to prove this intent by direct evidence; that intent was hard to prove, but may be proved by the facts and circumstances in the case.

Defendant excepted to that part of the instruction which said that "intent is hard to prove and may be proven by the circumstances in the case." Intent is usually established by the facts and circumstances in the case, and is hard to prove.

Defendant next complains that the court erred in permitting the county attorney to go out of the record and express his personal opinion of the guilt of defendant. Defendant in his brief says:

"While the court doubtless would not reverse a case on such a statement alone, yet when this statement was made in connection with the discourse of the trial court

on the evidence in the verbal instruction given as stated in previous proposition, it was no doubt partially responsible for the verdict which was rendered in the case."

Counsel for the state should stay in the record, and should not express an opinion of the guilt or innocence of the accused independent of the evidence. However, we agree with counsel for defendant that this error is not sufficient to require a reversal of the case.

The other errors complained of being without substantial merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.